IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANITA LANGLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF DEMANDS** |
| -vs.- | ) | **TRIAL BY JURY** |
| | ) | |
| ASSOCIATED BANK | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, ANITA LANGLEY, through her attorneys, Richard J. Gonzalez and Jaz Park, Law Offices of Chicago-Kent College of Law, complaining of Defendant, ASSOCIATED BANK, alleges as follows:

### Violation of Age Discrimination in Employment Act & Title VII of the Civil Rights Act of 1964,
### Nature of Action, Jurisdiction, and Venue

1. This is an action for damages and equitable relief to redress the deprivation of rights secured to the Plaintiff by virtue of the Age Discrimination in Employment Act, 29 U.S.C.§ 621 et seq. (the "ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991 ("Title VII").

2. Jurisdiction of this Court is invoked pursuant to the provisions of the ADEA and 28 U.S.C. §§ 1343 and by Title VII, 42 U.S.C. § 2000(e)-5.

3. Venue is proper pursuant to 28 U.S.C. §1391 (b).

4. Plaintiff met all administrative prerequisites to maintenance of this suit in that she timely filed a charge of unlawful age discrimination and gender discrimination with the Equal Employment Opportunity Commission on March 28, 2018, obtained a Right-to-Sue Letter with

respect to the gender discrimination claim, and brings this action within the applicable time limitations pertaining to those statutes.

## Parties

5. Plaintiff is a female citizen of the United States of America born December 13, 1968 who resides within this judicial district. From August 18, 2014 until December 2017, Plaintiff was a full-time employee of Defendant.

6. Defendant, upon information and belief, is and was at all times an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C.§ 621 et seq.

## Facts

7. Plaintiff was employed by Defendant from August 18, 2014 until her termination on or about December 21, 2017, at which time she held the job title "Bank Manager."

8. Plaintiff's performance at all times met Defendant's legitimate performance expectations.

9. Throughout Plaintiff's tenure with Defendant, Plaintiff received positive written substantive job performance evaluations from Defendant.

10. Soon after Plaintiff started her employment with Defendant, managerial agents of Defendant asked Plaintiff if she could cover two branches: Waukegan and Third Lake.

11. In 2015, Sandy Lorenz, (a female) Plaintiff's supervisor and District Manager, acknowledged Plaintiff's positive performance when Ms. Lorenz stated, "to say [the] Waukegan [branch] was a mess when [Plaintiff] took over is an understatement, but [Plaintiff] [was] able to bring that team together and make great things happen."

12. In 2016, because of the improvements Plaintiff implemented in the branches she worked, Defendant doubled her merit increase in 2017.

13. After Ms. Lorenz was transferred to a different position, Defendant transferred Michael Zink into the District Manager position in 2017 to replace Ms. Lorenz.

14. After several district manager changes, Defendant implemented Market Managers to report to the district managers. Mr. Sergio Lopez, Market Manager for Lake County Branches was hired to oversee Plaintiff's "Third Lake" branch.

15. From the outset of his supervision of Plaintiff, Lopez spoke in a condescending manner to Plaintiff and never acknowledged Plaintiff's improvements to her branches.

16. Defendant alleges that Plaintiff was placed on a Performance Improvement Plan (PIP) because Plaintiff's branches did not meet their goals. Defendant placed Plaintiff on the PIP on October 31, 2017, and the PIP was set to expire on December 29, 2017.

17. Lopez made derogatory remarks to Plaintiff pertaining to her age, telling Plaintiff that Plaintiff's ideas were "old school" and strategies that were effective years in the past were no longer effective.

18. Notwithstanding Lopez's negativity and hostile demeanor, Plaintiff continued to make improvements during the time she was placed on the PIP.

19. After Plaintiff conducted a surprise audit of a universal banker and discovered $100 missing from the universal banker's register, an investigation was conducted and it was determined that the banker was transacting on his parents' account even though he was not an authorized signer on that account. Defendant fired Plaintiff for allegedly not having discovered the fraud or the missing $100, even though it would have been unlikely that a Branch Manager would have had occasion to discover same.

## Count I: ADEA

20. Plaintiff incorporates by reference paragraphs 1–19 as though fully set out herein.

21. Plaintiff, at all times pertinent hereto, was within the protected age group as provided by the ADEA.

22. Defendant employed Plaintiff from August 2014 until December 2017, when she was wrongfully terminated.

23. During meetings between Plaintiff and Mr. Lopez, Mr. Lopez called Plaintiff "old school," when referring to her methods.

24. Since Mr. Lopez became the Market Manager, he has hired or promoted exclusively females in their twenties and thirties.

25. When Lopez fired Plaintiff, he replaced her with a younger woman.

26. Defendant's stated reasons for the termination were a pretext for unlawful age discrimination.

27. Defendant's violation of ADEA was willful in that Defendant knew or acted with reckless disregard with respect to ADEA.

WHEREFORE, Plaintiff prays for relief in the form of an order:

A. Reinstating her into her prior or comparable position;

B. Ordering Defendant to cease and desist from discriminating against its employees on the basis of age;

C. Awarding her lost wages, incidental expenses, and value of his lost benefits;

D. Awarding her an additional amount equal to the amount of her lost wages, incidental expenses, and the value of her lost benefits as liquidated damages;

E. Awarding her attorney's fees and all costs and expenses of this litigation; and

F. Such other relief as this Court deems just and appropriate.

## Count II: Title VII Sex Discrimination

28. Plaintiff incorporates by reference paragraphs 1–27 as though fully set out herein.

29. During a meeting between. Lopez and Plaintiff, Lopez stated that he would prefer a man over a woman for the Branch Manager vacancy position, because "men are more aggressive."

30. Lopez generally treated Plaintiff differently and less favorably than similarly situated male employees.

31. Defendant's stated reasons for Plaintiff's termination were a pretext for unlawful sex discrimination.

32. In violating Title VII, Defendant acted intentionally or with reckless indifference toward Plaintiff's federally protected rights.

33. As a direct and proximate cause result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, loss of career opportunities, loss of future earnings and benefits of employment, severe emotional distress.

WHEREFORE, Plaintiff prays for relief in the form of an order:

A. Reinstating her into her prior or comparable position;

B. Ordering Defendant to cease and desist from discriminating against its employees on the basis of sex;

C. Awarding her lost wages, incidental expenses, and value of her lost benefits;

D. Awarding her compensatory and punitive damages in an appropriate sum;

E. Awarding her attorney's fees and all costs and expenses of this litigation; and

F. Such other relief as this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

                                                Respectfully submitted,

                                        By:    s:/Richard J. Gonzalez
                                                  Attorney for Plaintiff

RICHARD J. GONZALEZ
Chicago-Kent College of Law
565 W. Adams Street
Suite 600
Chicago, Illinois 60661
(312) 906-5079